# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MUSTAFA ALSHAHER,<br><br>                              Petitioner,<br><br>    v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-02402-BAS-VET<br><br>**ORDER:**<br><br>**(1) GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6); AND**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)** |

Petitioner Mustafa Alshaher filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, requesting a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).  (ECF No. 6.)  Petitioner also moves for a Temporary Restraining Order, again requesting that such a bond hearing be held.  (ECF No. 2.)  The Government, while conceding Petitioner is entitled to a bond hearing pursuant to § 1226(a), argues Petitioner has not requested a bond hearing, so he is "lawfully detained"; he should be required to

- 1 -

26cv2402

exhaust administrative remedies; and his requested relief is "jurisdictionally barred." (ECF No. 8.)

For the reasons stated below, the Court **GRANTS** the Petition and orders a bond hearing before an Immigration Judge.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner was born in Iraq "and provided critical food and security for U.S. troops and contractors for years." (ECF No. 6.) Thus, he legally entered the United States on a Special Immigrant Visa in 2017. (*Id.*) He overstayed his visa and was placed in removal proceedings. (*Id.*) An Immigration Judge denied his asylum request, and this issue remains pending before the Board of Immigration Appeals ("BIA"). Throughout these immigration proceedings, Petitioner was not detained in custody. However, while the case was pending before the BIA, on March 9, 2026, Immigration and Customs Enforcement ("ICE") abruptly detained him. (*Id.*) He now requests a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

## III.    ANALYSIS

### A.    Jurisdiction

The Government argues that Petitioner's action is jurisdictionally barred under 8 U.S.C. §§ 1252(g) and 1252(b)(9). Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision

26cv2402

or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His request for a bond hearing may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

Section 1252(b)(9) states, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." "[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Thus, in *Nielsen v. Preap*, 586 U.S. 392 (2019), the Supreme Court held Section 1252(b)(9)

- 3 -

26cv2402

inapplicable when the petitioners were not asking for review of an order of removal, were not challenging the decision to detain them in the first place or to seek removal, and were not challenging any part of the process by which removability would be determined. *Id.* at 402 (citing *Jennings*, 583 U.S. at 294).

Here, Petitioner does not challenge the Government's authority to remove him from the United States in this Petition. Instead, he requests that he be given a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Thus, Section 1252(b)(9) does not provide a jurisdictional bar.

## B. Exhaustion of Administrative Remedies

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga v. Chertoff*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

In this case, Petitioner is simply requesting that this Court order a bond hearing before an Immigration Judge. Petitioner did not request a bond hearing within the context of his immigration case because ICE did not detain him until his case was already pending before the BIA and he no longer had hearings pending before the Immigration Judge. It is

- 4 -

26cv2402

unclear what administrative remedies the Government believes Petitioner should exhaust. Hence, the Court does not find this to be a bar to Petitioner's habeas petition.

**C.    Bond Hearing Pursuant to Section 1226(a)**

The Government concedes that Petitioner is entitled to a bond hearing before an Immigration Judge, and that because it is alleged that he overstayed his visa, that bond hearing is controlled by 8 U.S.C. § 1226(a). (ECF No. 8.)  Hence, the Court **GRANTS** the Petition.

**IV.    CONCLUSION**

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge, pursuant to 8 U.S.C. § 1226(a), for Petitioner Mustafa Alshaher (A# 216-189-718) within 14 days of this Order.  If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

In light of this Order, the Motion for Temporary Restraining Order (ECF No. 2) is **MOOT**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: May 12, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2402